# CITATION

DELIVERED THIS ___ DAY OF ___ 20__

CARLOS B. LOPEZ
CONSTABLE, PCT 5 TRAVIS COUNTY, TEXAS

BY: _____
DEPUTY

Cause Number: 17-06-06856

| | |
|---|---|
| Clerk of the Court | Attorney Requesting Service |
| Barbara Gladden Adamick | Jordin Nolan Kruse |
| P.O. Box 2985 | 16826 Titan Dr |
| Conroe, Texas 77305 | Houston TX   77058 |

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued.  You may employ an attorney.  If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

To:  HealthSmart Benefit Solutions, Inc.
     Prentice Hall Corporation System
     211 E 7th St Ste 620
     Austin TX  78701

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition and Request for Disclosure at or before 10:00 A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 284th Judicial District Court Montgomery County, Texas at the Courthouse of said County in Conroe, Texas.

Said Plaintiff's Original Petition and Request for Disclosure was filed in said court on this the 2nd day of June, 2017 numbered 17-06-06856 on the docket of said court, and styled, Neil Gilmour, III, Solely in his Capacity as Trustee of the Victory Medical Center Landmark Unsecured Creditors' Grantor Trust VS. HealthSmart Care Management Solutions, LP, HealthSmart Benefit Solutions, Inc.

The nature of plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Original Petition and Request for Disclosure accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Conroe, Texas on this the 6th day of June, 2017.

(SEAL)

Barbara Gladden Adamick, District Clerk
Montgomery County, Texas

By: _____
Melisa Miller, Deputy

## OFFICER'S RETURN

Cause No. 17-06-06856                    Court No: 284th Judicial District Court
Style: Neil Gilmour, III, Solely in his Capacity as Trustee of the Victory
Medical Center Landmark Unsecured Creditors' Grantor Trust VS. HealthSmart
Care Management Solutions, LP, HealthSmart Benefit Solutions, Inc.
To:       HealthSmart Benefit Solutions, Inc.
Address:  Prentice Hall Corporation System
          211 E 7th St Ste 620
          Austin TX  78701

Came to hand the ___ day of _____, 20 __, at _____ o'clock, and
executed in _____ County, Texas by delivering to each of the
within named defendants in person, a true copy of this citation with the
date of delivery endorsed thereon, together with the accompanying copy of
the Plaintiff's Original Petition and Request for Disclosure, at the
following times and places, to wit:
Name          Date/Time       Place, Course and distance from Courthouse
_____  _____    _____

Manner of service: _____

*And not executed as to the defendants(s)
The diligence used in finding said defendant(s) being:
_____
And the cause of failure to execute this process is:
_____
And information received as to the whereabouts of said defendant(s) being:
_____

FEES:
Serving Petition and Copy      $_____   Carlos B. Lopez
TOTAL                          $_____   Constable Pct. 5, Travis County, Texas

                                          _____ OFFICER
                                                     County, Texas
                                          By: _____ Deputy

                              AFFIANT
Complete if you are a person other than a Sheriff, Constable, or Clerk of the Court. In
accordance with Rule 107: the officer, or authorized person who services, or attempts to
serve a citation shall sign and return. The return must either be verified or be signed
under penalty of perjury. A return signed under penalty of perjury must contain the
statement below in substantially the following form:

My full name is _____ my date of birth is ___/___/___, and my
address is_____.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT
Executed in_____, County, State of _____, on the ___day of
_____, 20____.

                                          _____
                                          Declarant/Authorized Process Server

                                          _____
                                          ID# & Exp. Of Certification

Received and E-Filed for Record
6/2/2017 6:36:11 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

CAUSE NO. 17-06-06856

| | | |
|---|---|---|
| NEIL GILMOUR, III, SOLELY IN HIS CAPACITY AS TRUSTEE OF THE VICTORY MEDICAL CENTER LANDMARK UNSECURED CREDITORS' GRANTOR TRUST, *PLAINTIFFS* | § § § § § § § § § § § § § § | IN THE DISTRICT COURT OF <br><br> Montgomery County - 284th Judicial District Court <br><br> MONTGOMERY COUNTY, TEXAS |
| VS. | | |
| HEALTHSMART BENEFIT SOLUTIONS, INC. AND HEALTHSMART CARE MANAGEMENT SOLUTIONS, LP | | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Neil Gilmour, III, solely in his capacity as Trustee of the Victory Medical Center Landmark Unsecured Creditors' Grantor Trust (hereinafter, "Plaintiff"), who files this Original Petition complaining of HealthSmart Benefits Solutions, Inc. and HealthSmart Care Management Solutions, LP, and would respectfully show the following:

### I. DISCOVERY CONTROL PLAN

1.     Discovery in this case will be conducted under Level Two (2) pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### II. PARTIES

2.     Victory Medical Center Landmark, LP, (hereinafter, "VMCL" or "Claimant") was a Texas limited partnership that formerly operated a hospital located at 5330 N. Loop 1604W, in San Antonio, Montgomery County, Texas 78249, where VMCL was headquartered.

1

VMCL was a privately-owned entity that provided specialized-surgical-hospital services to patients in the San Antonio market.

3.      Due to the acts and omissions of the Defendants in the case at bar, and the acts and omission of other parties in unrelated cases, the insurance companies and benefit plans which were paying VMCL began to drastically reduce and/or totally refuse to pay and/or withhold funds due and owing to VMCL, which resulted in VMCL filing for bankruptcy under Chapter 11 of the Bankruptcy Code. VMCL is one of several Debtors in a jointly administered Chapter 11 Bankruptcy Proceeding that is pending in the United States Bankruptcy Court for the Northern District of Texas –Fort Worth Division, under Case Number 15-42373-rfn-11 (hereinafter, "Bankruptcy Proceeding"). The Debtors in this Bankruptcy Proceeding comprise several hospital Debtors, including VMCL, their general partners, and the parent company, Victory Parent Company, L.L.C.

4.      Plaintiff, Neil Gilmour, III, (hereinafter, "Mr. Gilmour" or "Plaintiff"), is the Trustee of the Victory Medical Center Landmark Unsecured Creditors' Grantor Trust (hereinafter, " Grantor Trust") under the Bankruptcy Proceeding. Pursuant to the Findings of Fact, Conclusions of Law and Order Confirming First Amended Joint Plan of Reorganization (Docket Number 969 in the Bankruptcy Proceeding), this cause of action is a Reserved Litigation Claim that belongs, together with its proceeds, to the Grantor Trust. Since Mr. Gilmour is the sole Trustee of the Grantor Trust, Mr. Gilmour is the proper Plaintiff in this cause of action.

5.      Defendant, HealthSmart Benefit Solutions, Inc., (hereinafter, "HealthSmart") is a foreign corporation registered and doing business in the State of Texas. Service may be perfected on this Defendant by personal service on its registered agent as follows:

2

Prentice Hall Corporation System
211 E. 7th Street, Suite 620
Austin, TX 78701-3218

6.     Defendant, HealthSmart Care Management Solutions, LP, (hereinafter, "HSCMS") is a domestic limited partnership doing business in the State of Texas. Service may be perfected on this Defendant by personal service on its registered agent as follows:

Corporation Service Company d/b/a
CSC-Lawyers Incorporating Service Company
211 E. 7th Street, Suite 620
Austin, TX 78701-3218

### III. JURISDICTION AND VENUE

7.     This Court has jurisdiction over this matter because it is a civil dispute and the amount in controversy exceeds the minimum jurisdiction limits of this Court. Removal of this case to federal court would be improper, as (i) there is no federal question raised by Plaintiff's pleadings; (ii) complete diversity of citizenship does not exist between Plaintiff and Defendants; and (iii) Plaintiff solely asserts state-law claims against the Defendants.

8.     Venue of this action is proper in Montgomery County, Texas, pursuant to Section 15.002(a)(1) of the Texas Civil Practice & Remedies Code because all or a substantial part of the events or omissions giving to the claims occurred in Montgomery County, Texas.

### IV. AGENCY

9.     At all times alleged herein that Defendants, HealthSmart and/or HSCMS, did an act or failed to do any act or duty, it is meant that Defendants' authorized, apparent, or ostensible agents, employees or representatives through HealthSmart and/or HSCMS and/or their affiliates, subsidiaries, parent company, and successors and assigns did such act or failed to do such act or duty, thereby making Defendants liable under the doctrine of respondeat superior. Defendants

3

and their affiliates, subsidiaries, parent company, and assigns and successors acting through their employees, independent contractors, agents, officers, directors, managers, and representatives, were acting as the Defendants' "insurance verification agents," as that phrase is used in this pleading. However, these insurance verification agents were unfit agents. Defendants were subjectively aware of the risks of hiring these unfit insurance verification agents; but, nevertheless, the Defendants proceeded with hiring these unfit insurance verification agents in conscious indifference to the rights, safety, and welfare of others, including, but not limited to, the Claimant.

10.     Likewise, Claimant and/or its affiliates, subsidiaries, parent company, and successors and assigns, acting through their employees, independent contractors, agents, officers, directors, managers, and representatives (individually and collectively hereinafter, "Claimant's agents"), received the representations from the Defendants' insurance verification agents, upon which Claimant rightfully relied upon.

## V. INTRODUCTION

11.     Plaintiff asserts state-law claims of negligent misrepresentation and violations of the Texas Insurance Code against the Defendants.

12.     VMCL provided healthcare services to the patient described herein.

13.     The patient the subject of this litigation, who received the healthcare services described herein, is patient RS  (hereinafter, "Patient"). The Patient was the beneficiary under a self-insured, contributory defined benefit plan, (hereinafter, "Plan) of Patient's employer, Kickapoo Traditional Tribe of Texas, (hereinafter, "Kickapoo").

14.     Kickapoo delegated much of its discretionary duties under the Plan to HealthSmart as a third party administrator (hereinafter, "TPA"), wherein HealthSmart had

4

discretionary authority and control over claims and administration of the Plan, which included adjudication of medical claims (along with full and fair review of appealed claims), determination of coverage, reimbursements, and the disposition of the Plan's assets pursuant to the terms of the Plan. HSCMS, HealthSmart's affiliate, provided care management services, including claim precertification, on behalf of the Plan. HealthSmart and HSCMS each participated in the precertification process of the healthcare services the subject of this litigation as discussed below.

15. It is common practice and customary in the health care industry (hereinafter, "Industry") for health insurance companies, health plans, PPOs, etc., to issue insurance cards which have printed thereon pertinent contact information for the insurance verification agents of insurance companies to verify insurance coverage and benefit levels to hospitals. Using these insurance cards, hospitals call insurance verification agents to verify the following important information:

*      to confirm that an individual has benefits under a health plan/insurance policy;

*      to discover what coverage and level of benefits are available to an individual; and

*      to discover where the hospital should submit its claim for payment, if the hospital makes the financial decision to accept that particular coverage and level of benefits and provides the care in question to that individual/prospective patient.

16. Hospitals have no other means of verifying coverage and benefits for a prospective patient other than calling an insurance verification agent. Therefore, it is pivotal that the insurance verification agents hired by an insurance company or plan are well qualified, well trained, and well supervised individuals, who are capable of consistently communicating *clearly* and *accurately* all of the pertinent coverage and benefit information to the hospitals. It is well

known in the Industry that hospitals must be able to rely upon the coverage and benefit information provided by the insurance verification agents in making the very important financial decision of whether to provide expensive healthcare services to a prospective patient. If the information provided by an insurance verification agent to the hospitals is *inaccurate* or *incomplete,* the hospitals can be severely damaged financially. For decades Texas courts have taken judicial notice of these commercial realities, customs, and routine practices. *See Hermann Hospital v. National Standard Ins.,* 776 S.W.2d 249, 254 (Tex. App.—Houston [1st Dist.] 1989, no writ)(*holding that hospitals can sue to recover the hospital's damages proximately caused by insurance companies' misrepresentations about the health coverage and benefits available to hospitals for their treatment of patients).*

## VI. FACTUAL BACKGROUND

17. At all times herein, VMCL, the Claimant, was an out-of-network provider (hereinafter, "OON"), which had no contract with HealthSmart, HSCMS, or the Plan for any pre-negotiated fee rates.

18. Claimant provided healthcare services to the Patient RS in 2013 for a period of twenty-two (22) days of inpatient treatment over a course of three (3) separate periods of treatment of the Patient by Claimant, which claims are described below:

    a.    inpatient-healthcare services, medical devices, and/or goods provided to Patient over the course of fifteen (15) days in 2013, with usual and customary charges incurred in the sum of $2,113,995.15;

    b.    inpatient-healthcare services, medical devices, and/or goods provided to Patient over the course of six (6) days in 2013, with usual and customary charges incurred in the sum of $22,459.28;

    c.    inpatient-healthcare services, medical devices, and/or goods provided to Patient on a date in 2013, with usual and customary charges in the sum of $71,778.97.

**Total:  $2,208,233.40**

The above inpatient-healthcare services shall hereinafter be collectively referred to as "Healthcare Services."

19.    As part of Claimant's normal course of business, Claimant verified Patient's benefits under the Plan with Defendants prior to deciding to provide the Healthcare Services to the Patient. Specifically, HealthSmart and HSCMS made the following representations to Claimant:  (i)  there were no applicable exclusions under the Plan;  and (ii) the Claimant would be paid their usual and customary charges for the Healthcare Services that were precertified, and, in some cases, also prior-authorized, upon submission of the claims. At no time prior to Claimant rendering any of the Healthcare Services to Patient did the Defendants inform Claimant that any exclusions may apply under the Plan. In fact, the Defendants gave Claimant confirmation of the Patient's coverage for the Healthcare Services the subject of this litigation prior to the Claimant providing the Healthcare Services to the Patient.

20.    After receiving verification of its coverage by the Defendants, Claimant provided the Healthcare Services to the Patient, wherein Claimant incurred eligible and reasonable medical expenses. Claimant then submitted their healthcare claims to the Defendants to be reimbursed for the Healthcare Services that Claimant provided to the Patient in the sum of $2,208,233.40, which were usual and customary charges for those Healthcare Services. Of the $2,208,233.40 total charges submitted for payment, none of the charges were allowed and/or paid under the Plan to Claimant. The claims were denied for the Healthcare Services provided to the Patient based upon a Medicare exclusion in the Plan, which denies benefits to non-Medicare participating facilities. The Claimant was not a Medicare-participating facility. This exclusion invoked by the Defendants is in direct contrast with the express representations made by the

Defendants to the Claimant that no exclusions were applicable to the Healthcare Services to be provided by the Claimant under the Plan.

## VII. NEGLIGENT MISPREPRESENTATION

21. Plaintiff incorporates and re-alleges that allegations set forth above.

22. Plaintiff contends that despite providing the Claimant verification, precertification, and prior authorization of coverage for the Healthcare Services provided to the Patient on three (3) separate occasions, Claimant suffered damages in the sum of $2,208,233.40 when it was denied Plan benefits for reasons that were in direct conflict with the express representations made by the Defendants. Each of the misrepresentations made herein were either made by HealthSmart and/or HSCMS. Plaintiff is not suing for benefits under the Plan. Plaintiff is suing because the Defendants misrepresented the Plan terms to Claimant.

23. Healthcare providers, such as Claimant, are without knowledge or means to gain knowledge of insurance coverage and plan benefits, and, therefore, must rely on the representations of third-party administrators, such as the Defendants, HealthSmart and HSCMS, to determine the accurate, complete, and current coverage details of the Patient's health insurance plan. HealthSmart and/or HSCMS, made specific representations to Claimant in response to Claimant's specific inquiries on Plan exclusions and overall coverage available to the Patient. Claimant informed HealthSmart and HSCMS that they were obtaining this information with the intent to determine whether to treat the Patient at its facilities. Claimant relied on the representations provided by HealthSmart and/or HSCMS. It was foreseeable that Claimant would rely on the representations and verifications of the Defendants. Claimant did justifiably and detrimentally rely on the Defendants' representations concerning exclusions under the Plan, the specific coverage details, and the representation that Claimant would be reimbursed for its

8

usual and customary charges for the Healthcare Services provided to the Patient when its claims were submitted. Thus, it was reasonable for the Claimant to expect to be reimbursed for its usual and customary charges for the Health Services provided to the Patient.

24.    Under Texas law, a negligent misrepresentation occurs when: (1) a party makes a representation in the course of its business or in a transaction in which it has a pecuniary interest; (2) the representation supplies false information for the guidance of others; (3) the party making the representation did not exercise reasonable care or competence in obtaining or communicating the information; (4) the plaintiff justifiably relied on the representation; and (5) the negligent misrepresentation proximately caused the plaintiff's injury. *First Nat'l Bank of Durant v. Trans Terra Corp. Int'l,* 142 F.3d 802, 809 (5th Cir. 1998) (quoting *Federal Land Bank Ass'n v. Sloane,* 825 S.W.2d 439, 442 (Tex. 1991)).

25.    The representations and omissions made by HealthSmart and/or HSCMS were (i) made in the course of their business or in connection with a transaction in which they had a pecuniary interest; (ii) false representations of coverage provided for Claimant's guidance; and (iii) made without the exercise of reasonable care or competence in obtaining and/or communicating the information. HealthSmart and/or HSCMS made these representations repeatedly for each of the three (3) claims for Healthcare Services that Claimant provided to Patient. The Claimant detrimentally relied upon the representations from Defendants that no exclusions existed and that the Claimant would be compensated for the Healthcare Services provided to Patient under the Plan when submitted. These acts and omissions of the Defendants constitute negligently false representations. The Claimant has been directly and proximately injured as a result of its reliance on Defendants' negligently false representations in the sum of at least $2,208,233.40. If the Claimant had known that the Defendants' representations were false,

the Claimant would not have agreed to provide the Healthcare Services to the Patient, and the Claimant would not have lost revenues of $2,208,233.40. To date, neither the Plaintiff nor the Claimant has received any payment towards this balance of $2,208,233.40 from the Defendants. Defendants' representations about the Plan were false and as a result the Claimant has been unable to obtain any payment for the Healthcare Services provided to the Patient. Plaintiff sues the Defendants for negligent misrepresentation in the sum of $2,208,233.40.

## VIII.

## VIOLATIONS OF TEXAS INSURANCE CODE

26.    Plaintiff pleads as follows:

27.    Plaintiff incorporates and realleges the allegations set forth above.

28.    As alleged above, the Defendants precertified the Patient's benefits under the Plan and certified that no exclusions applied and that the Claimant would be compensated for those Healthcare Services at its usual and customary rates. However, the insurance verification agents of the Defendants provided *inaccurate, incomplete* and *untimely information* to the Claimant. Specifically, the Defendants verified that no applicable exclusions existed in the Plan, when, in fact, an exclusion existed in the Plan that denied coverage entirely for services provided at Claimant's facility. These acts and failures to act constitute multiple violations of the Texas Insurance Code for which the Defendants are liable.

29.    Plaintiff, as successor of the Claimant, brings this cause of action for injuries caused by the Defendants acts in violation of  Texas Insurance Code § 541.051, 541.052, 541.056, 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(7); and 542.046(a).

*i.* ***Violations of Texas Insurance Code***

30. Plaintiff's cause of action arises out of the following violations of the Texas Insurance Code:

A. Texas Insurance Code, § 541.051, as follows:

> make, issue, or circulate or cause to be made, issued or circulated, an estimate, illustration, circular or statement representing with respect to a policy issued or to be issued the terms of the policy, benefits or advantages promised by the policy.

B. Texas Insurance Code, § 541.052, as follows:

> make, publish, disseminate, circulate, or place before the public or directly or indirectly causing to be made, published, disseminated, circulated, or placed before the public an advertisement, announcement, or statement containing an untrue, deceptive, or misleading assertion, representation, or statement regarding the business of insurance of a person in the conduct of the person's insurance business.

C. Texas Insurance Code, § 541.060, as follows:

> (a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:

> (1) misrepresenting to a claimant a material fact or policy provision relating to coverage as issue.

31. The Claimant has suffered actual damages as a result of these violations of the Texas Insurance Code in a sum of at least $2,208,233.40, for which the Plaintiff sues the Defendants.

32. Defendants knowingly committed each of the foregoing acts with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices in violation of the Texas Insurance Code.

33.     Plaintiff would show that as the Defendants' conduct was committed "knowingly," Plaintiff is entitled to three (3) times the actual damages as provided under Texas Insurance Code § 541.152, plus reasonable attorney's fees, and costs of suit, all for which amount Plaintiff hereby seeks relief.

34.     Defendants' conduct as alleged above has made it necessary for Plaintiff to employ the undersigned attorney to represent him in this lawsuit, thus entitling Plaintiff to recover its reasonable and necessary attorney's fees in this action under Tex. Ins. Code § 542.060(a)-(b) for which amount Plaintiff sues.

35.     Plaintiff would show that all conditions precedent have been performed, or excused or otherwise satisfied.   Plaintiff would further show that any technical notice requirement, if any existed, should be deemed waived and further excused since imposing such would cause an extreme hardship and such technical requirement is not an essential part of the contract.

## IX. REQUEST FOR DISCLOSURE

36.     Pursuant to Rule 194 of Texas Rules of Civil Procedure, Plaintiff requests that Defendants, each individually, disclose within 50 days of service of this request, the information or material described in Rule 194.2(a) through (i).

37.     Additionally, if declaratory relief becomes necessary, Plaintiff requests that he be awarded his costs and reasonable and necessary attorney's fees incurred pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 37.009.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that this Honorable Court issue judgment against the Defendants granting the Plaintiff the following relief:

1.  Plaintiff's actual damages in a sum of at least $2,208,233.40;

2.  Consequential and incidental damages in an amount to be determined at trial;

3.  Attorney's fees through trial and all levels of appeal of this lawsuit;

4.  Prejudgment and post-judgment interest at the highest rates permitted by law;

5.  Plaintiff's costs of court;

6.  All relief pled for herein;

7.  All other relief, legal and equitable, to which the Plaintiff may be justly entitled.

Respectfully submitted,

by:  */s/ Jordin Nolan Kruse*
*Jordin Nolan Kruse*
State Bar No. 24003819
16826 Titan Drive
Houston, TX 77058
Telephone: (281) 480-4950
Fax: (281) 480-1190
jordinnkruse@gmail.com
**ATTORNEY FOR PLAINTIFF,**
**NEIL GILMOUR, III, solely in his capacity as Trustee of the**
**Victory Medical Center Landmark Unsecured Creditors'**
**Grantor Trust**

13